UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRILL WATT, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:20-CV-922 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Derrill Watt's second Motion for Appointment of Counsel (ECF No. 9) in Watt's action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In support, the Motion states that movant's place of confinement is on lockdown due to COVID-19 cases and as a result he has "no way to do research on the government response," (id. at 1), and he is low on paper and stamps and is unable to get any more. This second Motion was filed five days after the Court denied Movant's initial Motion for Appointment of Counsel.

As stated in the Court's Memorandum and Order of September 16, 2020 (ECF No. 7), it is well established that a movant in a § 2255 proceeding has no constitutional right under the Sixth Amendment to representation by counsel. United States v. Craycraft, 167 F.3d 451, 455 (8th Cir. 1999) (citing McClesky v. Zant, 499 U.S. 467, 494 (1991)). "The provisions of the Sixth Amendment regarding the right to counsel 'in all criminal prosecutions' is not applicable to movants under 28 U.S.C. § 2255." McCartney v. United States, 311 F.2d 475, 476 (7th Cir. 1963). See also Ford v. United States, 363 F.2d 437 (5th Cir. 1966). "The fact that a motion under § 2255 is a further step in the movant's criminal case rather than a separate civil action . . .

does not mean that proceedings upon such a motion are of necessity governed by the legal principles which are applicable at a criminal trial regarding such matters as counsel, presence, confrontation, self-incrimination and burden of proof." Advisory Committee Note, 1976 Adoption (emphasis in original.)

The appointment of counsel in a § 2255 proceeding is a matter solely within the discretion of the court. United States v. Degand, 614 F.2d 176 (8th Cir. 1980); Tweedy v. United States, 435 F.2d 702, 703-04 (8th Cir. 1970) (citing Fleming v. United States, 367 F.2d 555 (5th Cir. 1966)). Normally these collateral attacks do not warrant the appointment of counsel. Tweedy, 435 F.2d at 703-04.

The Court has reviewed the single claim raised by Movant in his § 2255 Motion and the underlying criminal case, and finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleading filed by Movant indicates he is capable of presenting the facts and legal issues without the assistance of counsel. The Court will therefore deny Movant's second Motion for appointment of counsel. Because of Movant's stated difficulties in preparing a Reply in support of his § 2255 Motion as a result of the lockdown conditions at his place of imprisonment caused by the COVID-19 pandemic, the Court on its own motion will grant Movant additional time to file a Reply in support of his § 2255 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Derrill Watt's second Motion for Appointment of Counsel (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that on the Court's own motion, Movant Derrill Watt is granted until **January 22, 2021**, to file any Reply in support of his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255**.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 22nd day of September, 2020.